Ernest M. POENISCH, Jr., et al., Appellants,

v.

Mamie QUARNSTROM, Appellee.

No. 10917.

Court of Civil Appeals of Texas.

Austin.

Jan. 24, 1962.

Rehearing Denied Feb. 7, 1962.

Fischer, Wood, Burney & Nesbitt, James R. Harris, Corpus Christi, for appellants.

E. T. Yates, Brownsville, for appellee.

ARCHER, Chief Justice.

This was a trespass to try title suit brought to recover possession of certain properties located in the City of Brownsville and for an equitable partition of these properties. The defendant pleaded not guilty, the five and ten year statutes of limitations and estoppel. This case was tried before the Court and judgment was rendered as follows:

(1) Plaintiff Ernest M. Poenisch, Jr.: One-half (½) of the front 55′ of Lot 11.

(2) Defendant Mamie Quarnstrom: One-half (½) of the front 55′ of Lot 11, Lot 12 and the rear 65′ of Lot 11.

(3) Plaintiffs Rose Marilyn Hall, Robert R. Hall, J. C. George, Jr., Lula George, a feme sole, Mary Helen Ammann and husband, Robert Ammann, Katheryne B. Whitelaw, a feme sole, and Mary Katheryne Whitelaw, a minor, acting by and through Katheryne B. Whitelaw as next friend: Take nothing.

(4) Front 55 feet of Lot 11: Ordered sold and proceeds divided between its Owners.

The appeal is founded on four points assigned as error and are that the Court erred in rendering judgment for defendant; in holding that the agreed judgment of 1926 was invalid; in rendering judgment for defendant when there was no evidence or no sufficient evidence to support a finding of adverse possession; and the evidence was insufficient to prove adverse possession against defendant's co-tenants.

This suit was instituted by plaintiffs against defendant as a trespass to try title suit seeking in addition to the adjudication of title the equitable partition of title among the various owners of the undivided interests in Lots 11 and 12, Block "T", Brownsville, Cameron County, Texas. The defendant, Mamie Quarnstrom, answered by plea of not guilty and the five and ten year statutes of limitations.

Stipulation was made that subject to the validity and effect of a judgment dated April 10, 1926, and entered in Cause No. 1973 in the District Court of Cameron County, a Sheriff's deed dated January 31, 1950 and a Redemption Certificate dated January 14, 1952, were introduced and admitted into evidence showing a good record title to Lots 11 and 12, Block "T", City of Brownsville, Texas, to be in the following named persons to the extent of the interest shown:

"(a) Plaintiff Ernest M. Poenisch, Jr. has shown good record title to an undivided eleven-sixteenths ($^{11}\!/_{16}$) interest in the rear 65 feet of Lots 11 and 12, and to an undivided one-half (½) interest in the front 55 feet of Lot 11;

"(b) Plaintiff Rose Marilyn Hall has shown good record title to an undivided one-half (½) interest in the front 55 feet of Lots 11 and 12;

"(c) Plaintiffs Lula George, Mary Helen Ammann and J. C. George, Jr. have each shown good record title to an undivided one-ninety-sixth ($^{1}\!/_{96}$) interest in the rear 65 feet of Lots 11 and 12; and

"(d) Plaintiff Mary Katheryne Whitelaw has shown good record title to an undivided one-thirty-second ($^{1}\!/_{32}$)

interest in the rear 65 feet of Lots 11 and 12; and

"(e) Defendant Mamie Quarnstrom has shown good record title to an undivided one-half (½) interest in the front 55 feet of Lots 11 and 12, and an undivided one-fourth (¼) interest in the rear 65 feet of Lots 11 and 12."

The 1926 judgment dated April 10, 1926, recites and lists a number of plaintiffs and a number of defendants and appears to have been agreed to by the respective parties.

By the terms of the judgment the plaintiffs were awarded the north 65 feet of the lots and a recital that Joseph K. Wells had a ¼th interest therein, Mary Kingsbury Forto ¼th interest, John T. Lomax and G. G. Henson a ¼th interest and the Houston & Brownsville Development Company a ¼th interest.

The south 55 feet of the lots were awarded to the Ottman heirs, named them, and to W. H. Ward and Hortense Ward an undivided ½ interest in the south part.

Since appellee asserts title under the five and ten year statutes of limitations claiming peaceable, adverse and continuous possession for more than ten years after plaintiff's cause of action accrued and before the filing of this suit, we do not believe the question of the validity of the 1926 judgment is at issue.

The defendant testified and offered testimony to her use, possession and occupancy prior to 1942 and subsequently.

Appellee, Mamie Quarnstrom, called as an adverse witness by plaintiff, appellant herein, testified as to the occupancy of the property beginning in 1913 and as to the family history, her marriage and the death of her husband in 1926 and to the improvements and the relocation of improvements over a long period of time; that two rooms were added in 1942 to the old improvements and moved to a third location. The witness testified as to renting some of the ground for a parking lot at times after 1942 and that the land was black-topped in 1956 and some of the ground was used for clothes lines.

On direct examination the witness testified, repeating much that she had previously testified to, and in addition that her children played on the back lot and that none of the plaintiffs told her that they were claiming the lots within recent years; that many years ago someone did talk to her about claiming the lots but she did not know who it was.

Kyle Bohannon, a resident of Brownsville for thirty years, testified that Mrs. Quarnstrom told him in 1948 that she was claiming the land; that he saw the improvements and was familiar with the lots since 1927 and that Mrs. Quarnstrom made a lease on the back part for a parking lot before 1950 and that that part was filled in and paved.

Luis F. Laulom, 70 years old, testified that he was acquainted with Mrs. Quarnstrom since about 1910 and had lived about two blocks from the lots in question and visited Mrs. Quarnstrom and heard her state that she owned the two lots.

Jack Todd, called by plaintiff, testified that he was in the real estate business in Brownsville and represented Mrs. Hall, one of the plaintiffs, and that he contacted Mrs. Quarnstrom to sell her the Hall interest in 1957 and that she asked him the price he was willing to pay for the interest and she was not interested in selling. On cross examination Mr. Todd testified that he rented parking space from Mrs. Quarnstrom and paid her and that he never paid Mrs. Hall anything.

The plaintiffs did not offer any testimony to rebut defendant's evidence as to use and possession of the property and the Court heard all of the evidence and resolved the fact issues in favor of the defendant. We believe that the Court was justified in holding as it did.

There is no question but that appellee redeemed the property sold by the sheriff on January 3, 1950, such redemption certificate is dated January 12, 1952, within the statutory time. Mr. Poenisch received the money

from the sheriff and kept it for about nine years before this suit was filed.

By counterpoint appellee assigns as error the part of the judgment awarding an undivided ½ of the front 55 by 50 feet of Lot No. 11 and contends that the sheriff's deed to Ernest Poenisch, Jr. dated January 3, 1950 is valid. We overrule this point.

There was introduced the deed, the judgment in Cause No. 26,114, Brownsville Independent School District v. Mrs. Lucia Ottman et al. dated October 24, 1949 and reciting that Mamie Quarnstrom was a party to the suit, having been personally cited, the statement of facts in the cause, and the affidavit of publication of the notice of the sheriff's sale. The property was never redeemed.

The judgment of the Trial Court is affirmed.

Affirmed.